# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD F. COLLINS, JR.** | **CIVIL ACTION NO. 23-962-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN MICHELLE DAUZAT** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Richard F. Collins, Jr., pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on July 20, 2023. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Michelle Dauzat as respondent.

On October 10, 2018, Petitioner was convicted of two counts of indecent behavior with a juvenile in the Louisiana First Judicial District Court, Parish of Caddo. On November 28, 2018, he was sentenced to 25 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence as to each count. The trial court ordered the sentences to run concurrently. The trial court also ordered that Petitioner register as a sex offender for 15 years.

On September 25, 2019, the Louisiana Second Circuit Court of Appeal affirmed Petitioner's conviction and sentence for indecent behavior with juveniles on Count Three and vacated his conviction and sentence for indecent behavior with juveniles on Count One as a nonresponsive verdict. State v. Collins, 52,885 (La. App. 2 Cir. 9/25/19), 280 So.3d 891. On December 11, 2019, the state trial court vacated Count One [Doc. 1, p. 80].

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel (3 claims) and (2) the verdict does not conform to the offense charged in the Bill of Information for Count Three.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

**Timeliness Calculation**

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

> 1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";
>
> 2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";
>
> 3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or
>
> 4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

For a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 10, 2018, and sentenced on November 28, 2018. On September 25, 2019, the Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence for indecent behavior with juveniles on Count Three and vacated his conviction and sentence for indecent behavior with juveniles on Count One. State v. Collins, 52,885 (La. App. 2 Cir 9/25/19), 280 So.3d 891. Petitioner did not seek further direct review with the Supreme Court of Louisiana. Thus, his conviction and sentence became final on October 25, 2019, when the delay for filing further direct review expired

and no writ of review was filed in the Supreme Court of Louisiana. See Louisiana Supreme Court Rule X, § 5(a).

The federal petition currently before the court was received and filed in this court on July 20, 2023, and signed by Petitioner on July 17, 2023 [Doc. 1, p. 15]. Since the federal clock began ticking on October 25, 2019, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before October 25, 2020. This petition was not filed until July of 2023 at the earliest, more than two years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner signed his application for post-conviction relief on October 4, 2021 [Doc. 1, pp. 3 and 46]. Review of this application continued until the Supreme Court of Louisiana denied his writ on March 28, 2023. State v. Collins, 358 So.3d 500, 2022-1771 (La. 3/28/23). To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file his application for post-conviction relief until October 4, 2021, which was after the limitation period had already expired on October 25, 2020. Thus, the petition was untimely filed.

**Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling due to extraordinary circumstances. Petitioner claims the filing of his application for post-conviction relief in the state trial court was affected by the institutional restrictions caused by Covid 19. He

claims he did not have access to the law library or assistance of inmate counsel. He also claims the institution had intermittent lockdowns which prevented his access to the law library.

The one-year limitation of Section 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). The petitioner who seeks equitable tolling bears the burden of proof on the issue. Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013). He must show (1) that he has been pursuing his rights with "reasonable diligence" and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562.

The "extraordinary circumstances" must be factors outside the petitioner's control; delays of his own making do not qualify. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). A district court's refusal to invoke the doctrine is reviewed for abuse of discretion. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

Arguments similar to the ones raised by Petitioner have been rejected for not amounting to rare and exceptional circumstances. "[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Ignorance of the law, temporary denial of access to research materials or the law library, and inadequacies of the prison law library also have been rejected as rare and exceptional circumstances that would justify equitable

tolling of the statute of limitations for a § 2254 application. Puderer v. Cain, 830 Fed. App'x 458, 459 (5th Cir. 2020); Tate v. Parker, 439 Fed. App'x 375, 376 (5th Cir. 2011). See also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

The Covid 19 pandemic is not, without more, an "extraordinary circumstance." Turner v. Mississippi, 3:21-CV-235, 2022 WL 125028, at 3 (N.D. Miss. 2022) (citing Young v. Mississippi, 2021 WL 4190646, at 5 (S.D. Miss 2021) (citations omitted)). Furthermore, an inmate does not demonstrate extraordinary circumstances because "his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols." Luckey v. Day, CV 21-1895, 2022 WL 2712593, at 13 (E.D. La. June 9, 2022); appeal dismissed, 22-30579, 2022 WL 19010321 (5th Cir. Oct. 25, 2022).

Thus, Petitioner's contentions that he lacked access to the library and inmate counsel during the Covid 19 era that began in early 2020, after his conviction and sentence became final in October of 2019, do not warrant equitable tolling.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 8th day of November 2023.

Mark L. Hornsby
U.S. Magistrate Judge